# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ROME DIVISION

| | |
|---|---|
| **ANDREA RENEE HULL,** ) | |
| ) | |
| **Plaintiff,** ) | **Docket No.:** |
| ) | |
| **v.** ) | |
| ) | **JURY DEMANDED** |
| **PARAMOUNT PRINTING, LLC, and** ) | |
| **MARKETING ALLIANCE GROUP, INC.,** ) | |
| ) | |
| **Defendants.** ) | |

## COMPLAINT FOR DAMAGES

Andrea Renee Hull, through counsel, hereby sues Defendants, Paramount Printing, LLC and Marketing Alliance Group, Inc., for pregnancy discrimination under the Pregnancy Discrimination Act of 1978, 42 U.S.C. 21 § 701(k) et seq. and for violating the Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 et seq. For her cause of action, Plaintiff states as follows:

PARTIES

1. Plaintiff Andrea Renee Hull ("Ms. Hull") is an adult citizen and resident of Walker County, Georgia. Ms. Hull was employed by Defendants for approximately seventeen (17) months until she was terminated in October 2019. Ms. Hull was employed in Whitfield County, Georgia at all times relevant to this Complaint.

2. Defendant Paramount Printing, LLC ("Paramount") is a Georgia corporation with its principal location in Whitfield County, Georgia. Paramount's registered agent is Bryan Hair, 2830 N. Dug Gap Road, Dalton, GA 30720.

3.      Defendant Marketing Alliance Group, Inc. ("MAG") is a Georgia corporation with its principal location in Whitfield County, Georgia. MAG's registered agent is Bryan Hair, 704 Emmons, Dalton, GA 30720.

## JURISDICTION AND VENUE

4.      This action raises federal questions over which this Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 2000e-5(f)(3).

5.      Venue is proper pursuant to 28 U.S.C § 1390 because Defendants may be found in this District, employment records relevant to Plaintiff's claims of action are maintained in this District, and because a substantial part of the events or omissions giving rise to this claim occurred in this District.

## FACTUAL ALLEGATIONS

6.      Upon information and belief, Defendants operated Paramount Printing, LLC., and Marketing Alliance Group, Inc., at 2830 N. Dug Gap Road, Dalton, GA 30720 in Whitfield County, Georgia.

7.      Upon information and belief, Ms. Hull was jointly employed by Defendants from April 30, 2018, to October 18, 2019 as a project manager.

8.      Ms. Hull was assigned projects to work on for specific clients. This made up the bulk of her duties.

9.      Upon information and belief, Ms. Hull reported her pregnancy to her employers in late 2018 or early 2019.

10.     Upon information and belief, Ms. Hull utilized maternity leave provided by the Family Medical Leave Act from June 21, 2019, to September 3, 2019.

11. Prior to taking leave, Ms. Hull was told by her manager that Defendants were pleased with her work.

12. While Ms. Hull was on leave, her projects were reassigned to other employees and two additional project managers were hired.

13. Upon her return in September 2019, Ms. Hull's projects were not given back to her, and she was told to assist others with their projects.

14. Ms. Hull was also tasked with assisting her manager, Chris Wood ("Mr. Wood"), with various tasks.

15. Mr. Wood told Ms. Hull that "I'm probably going to get told I have too many people, so look and act busy."

16. Ms. Hull spent several weeks assisting Mr. Wood and her co-workers any way she could.

17. Upon information and belief, on or about October 18, 2019, Ms. Hull was terminated by Mr. Wood for "lack of performance."

18. Upon information and belief, the justification for Ms. Hull's termination came from an incident that happened ten (10) months prior in January 2019.

19. Upon information and belief, in January 2019, Ms. Hull and another employee, James Leach ("Mr. Leach"), were written up for an administrative error that was easily resolved.

20. While Ms. Hull was purportedly terminated for this incident, Mr. Leach, who was equally responsible, was not terminated and is still employed by Defendants.

21. It is Ms. Hull's position that her termination was pretextual.

## PREGNANCY DISCRIMINATION ACT OF 1978

22. Plaintiff filed an EEOC charge in this case. A Notice of Right to Sue was issued to Plaintiff by the EEOC on July 29, 2021. Therefore, Plaintiff has exhausted her administrative remedies by filing a charge of discrimination with the EEOC.

23. At all relevant times herein, Defendants employed over 15 persons.

24. At all relevant times herein, Defendants were vicariously liable for the actions and conduct of their employees, agents, and representatives.

25. Ms. Hull alleges that Defendants discriminated against her and discharged her because of her pregnancy in violation of the Pregnancy Discrimination Act of 1978, 42 U.S.C. 21 § 701(k), et seq.

26. Defendants acted with reckless disregard for Plaintiff's protected rights

27. As a result of Defendants' culpable acts or omissions as set forth herein, Plaintiff was improperly discriminated against and is entitled to compensation for past, present, and future wages and benefits, incidental damages, compensation for emotional distress, humiliation, mental anguish, embarrassment, pain and suffering, other non-pecuniary losses, and attorneys' fees and costs.

## VIOLATION OF THE FAMILY MEDICAL LEAVE ACT

28. At all times relevant to this complaint, Plaintiff was an employee of Defendants within the meaning of the FMLA, 29 U.S.C. § 2601 et seq.

29. At all times relevant to this complaint, Plaintiff was an eligible employee under the FMLA. She had been employed by Defendants for at least twelve (12) months and had worked at least 1,250 hours during the twelve-month period preceding her need for leave.

30. At all times relevant to this complaint, Defendants were subject to the provisions of the FMLA. Defendant engaged in commerce or in an industry or activity affecting commerce; Defendant employed 50 or more employees for each working day during each of 20 or more calendar workweeks in the current or preceding calendar year; Defendant employed these 50 employees within 75 miles of the worksite.

31. The FMLA provides an employee with the right to take up to twelve (12) weeks of medical leave to address the serious illness of the employee or a family member of the employee.

32. The FMLA prohibits retaliation against an employee for exercising, or attempting to exercise, any rights under the FMLA.

33. Defendants violated the FMLA by retaliating against Plaintiff for requesting, applying for, and/or taking medical leave.

## DAMAGES

34. As a result of the above-mentioned illegal actions of Defendants, Ms. Hull has suffered damages. These damages include, but are not limited to, lost past and future lost wages and benefits.

## WHEREFORE PLAINTIFF PRAYS:

a. That Plaintiff be awarded compensation in an amount to be determined at trial for past, present, and future wages and benefits, incidental damages, compensation for emotional distress, humiliation, mental anguish, embarrassment, pain and suffering and other non-pecuniary losses;

b. That the Court award Plaintiff the punitive damages allowed by law;

c. That the Court award Plaintiff the attorney's fees and costs incurred in prosecuting this action, and other discretionary costs allowed by law; and

d.  The Court award the Plaintiff such other, further, and general relief to which she may be entitled.

JURY DEMAND

Plaintiff hereby demands a trial by jury of all issues triable by jury.

Respectfully submitted,

**MASSEY & ASSOCIATES, P.C.**

*/s/ R. Ethan Hargraves*
R. Ethan Hargraves, GA No. 793839
6400 Lee Highway, Ste. 101
Chattanooga, TN 37421
Ph: 423.697.4529
F: 423.634.8886
ethan@masseyattorneys.com
*Attorney for Plaintiff*